IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| AS WIND DOWN LLC (f/k/a Avenue Stores, LLC), et al,[1] | Chapter 7<br>Case No. 19-11842-LSS<br>(Jointly Administered) |
| Debtors. | |
| DAVID W. CARICKHOFF, TRUSTEE, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 21-50462-LSS |
| THE INSIGHT SCOUT, LLC, | |
| Defendant. | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

The Insight Scout, LLC ("Insight" or "Defendant"), through its counsel, Lipson Neilson, P.C., states the following for its answer to the Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550. In support of this Answer, Defendant states the following:

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: AS Wind Down, LLC (f/k/a Avenue Stores, LLC) (0838); OURGII Wind Down, LLC (f/k/a Ornatus URG Holdings, LLC) (1146); OURGRE Wind Down, LLC (f/k/a Ornatus URG Real Estate, LLC) (9565); and OURGGC Wind Down, LLC (f/k/a Ornatus URG Gift Cards, LLC) (9203).

## THE PARTIES

1. In response to Paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth therein. Therefore, these allegations are deemed denied.

2. In response to Paragraph 2 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth therein. Therefore, these allegations are deemed denied.

3. In response to Paragraph 3 of the Complaint, Defendant admits the allegation set forth therein.

## JURISDICTION AND VENUE

4. In response to Paragraph 4 of the Complaint, Defendant does not contest the Court's jurisdiction in this case.

5. In response to Paragraph 5 of the Complaint, Defendant does not contest that this is a core proceeding, or that the Court may enter final orders for the matters contained herein.

6. In response to Paragraph 6 of the Complaint, Defendant states that no response is required.

7. In response to Paragraph 7 of the Complaint, Defendant does not contest venue in this case.

## BASIS FOR RELIEF REQUESTED

8. In response to Paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth therein. Therefore, these allegations are deemed denied.

## FACTS

9. In response to Paragraph 9 of the Complaint, Defendant admits the allegations set forth therein. In further response, Defendant states that Exhibit A speaks for itself.

10. In response to Paragraph 10 of the Complaint, Defendant admits the allegations set forth therein. In further response, Defendant states that Exhibit A speaks for itself.

11. In response to Paragraph 11 of the Complaint, Defendant does not contest the allegations set forth therein and admits that Plaintiff sent a demand letter, and the parties had some brief discussion, but no agreement could be reached.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

12. Defendant repeats and realleges the allegations contained in each preceding paragraph of this Answer as though set forth fully herein.

13. In response to Paragraph 13 of the Complaint, Defendant admits the allegations set forth therein.

14. In response to Paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth therein. Therefore, these allegations are deemed denied.

15. In response to Paragraph 15 of the Complaint, Defendant admits the allegations set forth therein.

16. In response to Paragraph 16 of the Complaint, Defendant admits the allegations set forth therein.

17. In response to Paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth therein. Therefore, these allegations are deemed denied.

18. In response to Paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth therein. Therefore, these allegations are deemed denied.

19. In response to Paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth therein. Therefore, these allegations are deemed denied.

20. In response to Paragraph 20 of the Complaint, Defendant admits the allegations set forth therein.

21. In response to Paragraph 21 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth therein. Therefore, these allegations are deemed denied.

**SECOND CLAIM FOR RELIEF**
**(Recovery of Property -- 11 U.S.C. § 550)**

22. Defendant repeats and realleges the allegations contained in each preceding paragraph of this Answer as though set forth fully herein.

23. In response to Paragraph 23 of the Complaint, Defendant states that this is a legal conclusion and, therefore, no response is required. Defendant further states that it lacks knowledge or information sufficient to form a belief as to the allegations set forth therein. Therefore, these allegations are deemed denied.

24. In response to Paragraph 24 of the Complaint, Defendant states that this is a legal conclusion and, therefore, no response is required. Defendant further states that it lacks knowledge or information sufficient to form a belief as to the allegations set forth therein. Therefore, these allegations are deemed denied.

**WHEREFORE,** Defendant prays for entry of a judgment in favor of Defendant determining that there is no cause for action in his matter and granting such other and further relief as the Court deems just and proper.

                                          LIPSON NEILSON PC

                                          /s/ *Michael D. Lieberman*
                                          Michael D. Lieberman (P38529)
                                          Attorney for Defendant, The Insight Scout, LLC
                                          3901 Telegraph Road, Suite 200
                                          Bloomfield Hills, MI 48302
                                          248.593.5000, ext. 107
                                          mlieberman@lipsonneilson.com

Dated: June 11, 2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| AS WIND DOWN LLC (f/k/a Avenue Stores, LLC), et al,[2] | Chapter 7<br>Case No. 19-11842-LSS |
| | (Jointly Administered) |
| Debtors.<br>_____/ | |
| DAVID W. CARICKHOFF, TRUSTEE, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 21-50462-LSS |
| THE INSIGHT SCOUT, LLC, | |
| Defendant.<br>_____/ | |

**AFFIRMATIVE DEFENSES**

Defendant states the following for its affirmative defenses:

1. Defendant states that it is not liable to Plaintiff because the contested transfers between Debtor(s) and Defendant were intended to be a contemporaneous change for new value given to the Debtor(s) and, in fact, were substantially contemporaneous exchanges. 11 U.S.C. § 547(c)(1).

2. Plaintiff may not avoid the alleged preferential transfers because some or all of the alleged preferential transfers were transfers made in payment of debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the transferee and such transfer

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: AS Wind Down, LLC (f/k/a Avenue Stores, LLC) (0838); OURGII Wind Down, LLC (f/k/a Ornatus URG Holdings, LLC) (1146); OURGRE Wind Down, LLC (f/k/a Ornatus URG Real Estate, LLC) (9565); and OURGGC Wind Down, LLC (f/k/a Ornatus URG Gift Cards, LLC) (9203).

was made in the ordinary course of business or financial affairs of the Debtor and the transferee or made according to ordinary business terms.  11 U.S.C. § 547(c)(2).

3. Plaintiff may not avoid the alleged preferential transfers because after some or all of the transfers were made, Defendant gave new value to or for the benefit of the Debtor which was not secured by an otherwise avoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.  11 U.S.C. § 547(c)(4).

4. Plaintiff may not avoid the alleged preferential transfers because at the time that the transfers were made, the Debtor was not insolvent.

5. Plaintiff may not avoid the alleged preferential transfers because the transfers did not enable Defendant to receive more than it would have received if the case was a case under Chapter 7, or if the transfer had not been made and Defendant received payment of the debt to the extent provided by the provisions of this title.

6. Plaintiff may not avoid the alleged preferential transfers because the transfers were not transfers of property of the Debtors.

7. Defendant reserves the right to amend these Affirmative Defenses and add additional affirmative defense as they become known during the course of Discovery.

LIPSON NEILSON PC

/s/ *Michael D. Lieberman*
Michael D. Lieberman (P38529)
Attorney for Defendant, The Insight Scout, LLC
3901 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
248.593.5000, ext. 107
mlieberman@lipsonneilson.com

Dated: June 11, 2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

| | |
|---|---|
| AS WIND DOWN LLC (f/k/a Avenue Stores, LLC), et al,³ | Chapter 7<br>Case No. 19-11842-LSS |
| Debtors. | (Jointly Administered) |
| _____/ | |
| DAVID W. CARICKHOFF, TRUSTEE, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 21-50462-LSS |
| THE INSIGHT SCOUT, LLC, | |
| Defendant. | |
| _____/ | |

**CERTIFICATE OF SERVICE**

        Michael D. Lieberman certifies that, on June 11, 2021, he electronically filed Defendant's *Answer and Affirmative Defenses to Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* as well as this *Certificate of Service,* using the ECF system which will send electronic service notification of such filing to Plaintiff's counsel, and to all other counsel registered electronically.

        /s/   Michael D. Lieberman
        Michael D. Lieberman (P38529)
        Counsel for Defendant
        Lipson Neilson PC
        3910 Telegraph Road, Suite 200
        Bloomfield Hills, MI  48302
        (248) 593-5000
        MLieberman@lipsonneilson.com

Dated: June 11, 2021

---

[1]  The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: AS Wind Down, LLC (f/k/a Avenue Stores, LLC) (0838); OURGII Wind Down, LLC (f/k/a Ornatus URG Holdings, LLC) (1146); OURGRE Wind Down, LLC (f/k/a Ornatus URG Real Estate, LLC) (9565); and OURGGC Wind Down, LLC (f/k/a Ornatus URG Gift Cards, LLC) (9203).